UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ABDUL HOWARD,<br>    #78154 | )<br>)<br>) | |
|     Plaintiff, | ) | 2:10-cv-01362-JCM-LRL |
| vs. | )<br>) | |
| STATE OF NEVADA, | )<br>) | **ORDER** |
|     Defendant. | )<br>)<br>) | |

       On August 11, 2010, the court received a handwritten document from plaintiff styled as a motion for declaratory judgment (docket #1), without an application to proceed *in forma pauperis* or the filing fee. Such document is insufficient to initiate a civil rights action in this court. The Local Rules require plaintiffs appearing in *pro se*, such as this plaintiff, to file all of their complaints and petitions on the court's approved forms. LSR 2-1("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court.").

       Further, while plaintiff names the State of Nevada as defendant, states and any governmental agency that is an arm of the state are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*,

993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Section 1983 claims against states or a governmental entity that is an arm of the state, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

Finally, plaintiff appears to attempt to challenge his underlying conviction. However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Accordingly, this action is dismissed without prejudice. If plaintiff chooses to file a *habeas corpus* petition, he may do so in a new action, with a new case number, on the court-approved forms, accompanied by either an application to proceed *in forma pauperis* or the filing fee.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the clerk **SHALL SEND** plaintiff the approved form for an Application to Proceed *In Forma Pauperis* by a prisoner, as well as the document "Information and Instructions for Filing a Motion to Proceed *In Forma Pauperis*."

**IT IS FURTHER ORDERED** that the clerk shall send to plaintiff a blank petition for writ of *habeas corpus* form with instructions.

**IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly and close this case.

DATED this 23rd day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE